EDITH GODWIN, Respondent, *v.* HENRY HAUER, Appellant.

Supreme Court, Appellate Term, First Department, February 7, 1924.

Municipal Court of City of New York — judgments — entry — clerk entered judgment for plaintiff, from which defendant filed notice of appeal — after time to appeal from judgment had expired, plaintiff's attorney entered judgment — no appeal was taken from that judgment — plaintiff's motion to dismiss defendant's appeal denied — Municipal Court Code, § 125, does not bar clerk of court from preparing and entering judgment whether or not successful party has appeared by attorney.

Plaintiff obtained a judgment against defendant in the Municipal Court of the city of New York, which the clerk of said court entered for him. Within the

time required, defendant filed a notice of appeal and served it upon plaintiff's attorney. Subsequently, and after the time to appeal from the judgment entered by the clerk had expired, plaintiff's attorney, without notice to defendant, prepared a judgment and caused it to be entered. No appeal was taken from that judgment within the twenty-day period and plaintiff now moves to dismiss defendant's appeal.

Since the defendant actually appealed from the judgment entered against him, the fact that plaintiff subsequently entered another judgment does not deprive the defendant of the benefit of the appeal from the first judgment, and the motion must be denied.

The fact that an inference may be drawn from the amendment of 1923 to section 125 of the Municipal Court Code, to the effect that where the successful party appears by an attorney the judgment is to be prepared by the attorney, does not bar the clerk of the court from preparing and entering the judgment; the amendment to the Municipal Court Code (Laws of 1923, chap. 769) is directory merely and not mandatory.

MOTION by plaintiff to dismiss appeal by defendant.

*Louis Rosenberg,* for the appellant.

*Julius Blumofe,* for the respondent.

PER CURIAM. Motion to dismiss appeal. In this action, in which each side was represented by an attorney, plaintiff obtained judgment against defendant October 23, 1923, after trial by jury, and the clerk thereupon, on the same day, entered judgment on the verdict for the plaintiff. Nine days thereafter defendant filed a notice of appeal from the judgment, and duly served it on the plaintiff's attorney. More than three weeks after the service of the notice, and after the time to appeal from the judgment entered by the clerk had expired, plaintiff's attorney, without notice to defendant, prepared a judgment and caused it to be entered. No appeal having been taken from that judgment within the statutory twenty days, plaintiff moves to dismiss defendant's appeal.

The complication arises out of the 1923 amendment to section 125 of the Municipal Court Code, which was operative at the time of the trial, providing that " all judgments shall be prepared by the clerk of the court under direction of the court except where the party in whose favor such judgment is rendered has appeared by an attorney." (Laws of 1923, chap. 769.) It is to be inferred from the amendment that, where the successful party appears by an attorney, the judgment is to be prepared by the attorney; but the clerk is not expressly prohibited in such a case from preparing and entering the judgment, and it may well be argued that the amendment is directory merely and not mandatory. Apparently the successful party may take as much time as he pleases to prepare and enter the judgment, and, as the unsuccessful litigant is not entitled to notice, he must, if he intends to appeal, continuously

keep in touch with the clerk's office, so as to find out when the time within which to appeal begins to run against him.

Here the defendant appealed from a judgment actually entered against him, and the fact that the plaintiff subsequently entered another judgment does not deprive the defendant of the benefit of the appeal from the first judgment.

Motion denied.

Present — BIJUR, MULLAN and LYDON, JJ.